IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VERNITA HUDSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:15-CV-01333-M-BK |
| | § | |
| CITIMORTGAGE, INC., et al., | § | |
|     Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, proceeding *pro se*, filed a petition in state court seeking to quiet title to her real property. Doc. 1-1 at 3. Defendants removed the case to this Court, Doc. 1, where the District Judge referred it to the Magistrate Judge for pretrial management. *See* 28 U.S.C. 636(b) and *Special Order* 3. For the reasons that follow, this action should be dismissed for want of prosecution and failure to obey a Court order.

### I. BACKGROUND

On April 29, 2015, the Court mailed *Instructions to a Non-Prisoner Pro Se Plaintiff*, instructing Plaintiff that she must notify the Court if her addressed changed and warning her that if she did not do so, her case might be dismissed. Doc. 4. Thereafter, the undersigned issued an order directing the parties to submit proposed scheduling orders by May 21, 2015. Doc. 5. However, on May 13, 2015, several documents that had previously been mailed from the Court to Plaintiff were returned to the Court stamped "RETURN TO SENDER – ATTEMPTED NOT KNOWN." (Doc. 7). As of the date of this recommendation, Plaintiff has failed to apprise the Court of her new address. Nor did she submit a proposed scheduling order.

## II. ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff had ample opportunity to notify the Court of her new address but failed to do so. The *New Case Notes*, Doc. 3, and *Instructions to a Non-Prisoner Pro Se Plaintiff*, Doc. 4, mailed on the same day the case was removed to this Court were returned as undeliverable. Doc. 7. Plaintiff additionally did not comply with the Court's order to submit a proposed scheduling order. Therefore, the undersigned would typically recommend that the action be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

However, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling her case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, the statute of limitations on Plaintiff's quiet title claim actually expired before she even filed this case. Doc. 1-1 at 5 (Plaintiff's complaint alleging that Defendant CitiMortgage notified Plaintiff on May 20, 2009 that it was accelerating her note and intended to seek an expedited order of foreclosure); *Poag v. Flories*, 317 S.W.3d 820, 825 (Tex.App.–Fort Worth, 2010) (holding that a four-year statute of limitations applies in a quiet title action where it is alleged that the deed is voidable, and the limitations period begins to run from the date the plaintiff knows or should know of the facts giving rise to the claim). Thus,

dismissal of this case will not unfairly affect Plaintiff's legal interests.  Accordingly, the District Court should dismiss this action without prejudice for lack of prosecution and for failure to comply with a Court order.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** without prejudice for want of prosecution and failure to abide by a Court order.

SIGNED August 5, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE